UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WOLF MECHANICAL, INC.,
a Michigan corporation,

      Plaintiff,

                                     Civil No. 07-14199
                                     Hon. John Feikens

      v.

PLUMBERS LOCAL NO. 98, DETROIT
MICHIGAN OF THE UNITED ASSOCIATION
OF JOURNEYMEN AND APPRENTICES OF THE
PLUMBING AND PIPEFITTING INDUSTRY OF
THE UNITED STATES AND CANADA, AFL-CIO,

      Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

      Plaintiff Wolf Mechanical, Inc. ("Wolf") filed this action against Defendant Plumbers

Local 98 ("the Union"), alleging claims for breach of contract, fraud in the inducement of a

contract and indemnification.  Wolf filed an amended complaint in June 2008 adding a claim to

vacate the grievance proceeding .  The Union has since filed a Motion to Dismiss Plaintiff's First

Amended Complaint on the grounds that it is barred by the statute of limitations.  For the reasons

set forth below, I GRANT the Union's Motion to Dismiss Plaintiff's First Amended Complaint.

**I.      FACTUAL BACKGROUND**

      Wolf is a Michigan corporation that provides plumbing, pipefitting and construction

services.  In December 2000, Wolf entered into a collective bargaining agreement ("CBA") with

the Union. Under the CBA, Wolf agreed to make contributions to the Union's Defined Benefits Pension Fund ("the fund") and the Union agreed to keep the fund "fully funded."

On May 31, 2006, Wolf withdrew from the fund and was assessed withdrawal liability in an amount exceeding $500,000. Wolf alleges that this penalty was a direct result of the Union's failure to keep the fund fully funded as required under the CBA.

The CBA also contains a binding grievance and arbitration procedure. Wolf followed the procedure by filing a grievance against the Union for not keeping the fund fully funded. Wolf's grievance was referred to the Industrial Relations Committee ("IRC"), a tribunal established under the CBA to hear and resolve disputes.

The IRC held a hearing on Wolf's grievance on September 26, 2007. Wolf did not wait for the IRC's decision, however, choosing instead to file this suit on October 2, 2007, bringing claims against the Union for breach of contract, fraudulent inducement and indemnification. The IRC denied Wolf's grievance on October 22, 2007, three weeks after Wolf filed its original complaint in this Court.

On May 22, 2008, this Court held a hearing on Wolf's Motion for Partial Summary Judgment and Union's Counter Motion for Partial Summary Judgment. Union argued that it was entitled to partial summary judgment because the grievance and arbitration procedure was binding. Wolf argued that the arbitration procedure was not binding because the Union failed to follow the procedures set forth in the CBA, denying Wolf an adequate opportunity to effectively vindicate its rights through the arbitration agreement. However, Wolf's initial complaint did not mention a problem with the grievance procedure; therefore, I denied summary judgment and ordered time for Wolf to amend its complaint.

Wolf filed its Amended Complaint on June 19, 2008, eight months after filing its initial complaint and seven months after the IRC ruled on Wolf's grievance. The Union has moved to dismiss the amended complaint, arguing that the claim to vacate the IRC's decision does not relate back to the initial complaint and is therefore barred by the statute of limitations. Wolf argues that the amended complaint should relate back because the Union had notice that it might have to defend against this type of claim.

## II. ANALYSIS

At issue in this case is whether Wolf's added claim to vacate the grievance proceeding in its amended complaint is barred because it was filed outside the statute of limitations period. The applicable limitations period for a cause of action to vacate a grievance decision of the IRC is three months. Occidental Chemical Corp. v. Int'l Chemical Workers Union, 853 F.2d 1310 (6th Cir. 1988). Wolf filed its amended complaint more than seven months after the IRC issued its decision. Therefore, Wolf's claim is time barred unless new claim relates back to the date of filing of the original complaint under Federal Rule of Civil Procedure 15(c).

In order for a claim to relate back, it must arise out of the same conduct, transaction or occurrence as set out, or attempted to be set out in the initial complaint. Fed. R. Civ. P. 15(c)(1)(B).

> The rule is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction or occurrence as set forth in the original pleading.

Brown v. Shaner, 172 F.3d 927, 932 (6th Cir. 1999). Therefore, Wolf's claim to vacate the arbitration relates back only if it arises out of the same conduct, transaction or occurrence

alleged in its initial complaint for breach of contract, fraudulent inducement and indemnification.

"The main inquiry under Federal Rule of Civil Procedure 15(c) is whether adequate notice has been given to the opposing party 'by the general fact situation alleged in the original pleading.' An amendment will not relate back when it sets forth a new set of operational facts; it can only make more specific what has already been alleged." Heaning v. Nynex, 945 F.Supp. 640, 647-648 (S.D.N.Y. 1996) (citing Pruisse v. Bosse, 912 F.Supp. 104, 106 (S.D.N.Y. 1996)). District courts should analyze the original and amended complaints to determine if they contain a common core of operative facts that would give fair notice of the transaction, conduct or occurrence that is being raised in the amended complaint. Watkin & Son v. Iams, 107 F.Supp. 2d 883, 897 (S.D. Ohio 1999) (citing FDIC v. Jackson, 133 F.3d 694, 702 (9th Cir. 1998)). Specifically, the court should consider whether the amended complaint and original complaint will be based on the same evidence. Watkin, 107 F. Supp. 2d at 897 (citing Percy v. San Fransisco Gen. Hosp., 841 F.2d 975, 978 (9th Cir. 1988)).

The evidence required to prove the claims in Wolf's initial complaint is substantially different than that needed to prove those in its amended complaint. To challenge the validity of the arbitration award, Wolf must provide evidence of specific defects in the arbitration procedure. However, to succeed on its claims in the original complaint—breach of contract, fraudulent inducement and indemnification—Wolf must provide evidence surrounding the initial contract formation and the Union's management of the pension plan. When faced with a similar situation, the Court in Heaning v. New York found that the details of a grievance procedure and the details of the underlying grievance were not part of the same transaction or occurrence, thus barring relation back of the amendment. 945 F.Supp. 640, 648 (S.D.N.Y. 1996). In reaching this

conclusion, the <u>Heaning</u> court focused on the substantial difference in time between the initial violation and the defects in the grievance procedure. <u>Id.</u>

The same analysis should apply here. Wolf's initial complaint arose from conduct occurring in May 2006 while the amended complaint relies on alleged defects in a procedure that took place beginning nearly a year later. Wolf's original complaint focused on the actions surrounding formation of the initial contract and the Union's alleged failure to properly fund the pension plan. The amended complaint sets forth allegations that are entirely different in time and scope. The amended complaint focuses on actions surrounding the grievance procedure which occurred in September 2007, more than a year after the initial formation of the contract. Since the evidence needed to succeed on Wolf's amended complaint is substantially different from that needed to succeed on its original complaint, the claims in the amended complaint do not relate back and are time barred.

While no Sixth Circuit court has faced these facts, numerous courts outside the Sixth Circuit have faced similar factual scenarios. These courts have ruled that claims alleging defects in arbitration procedures do not share a common set of operative facts with claims surrounding the underlying issue decided by the arbitration panel and therefore do not relate back. For instance, in <u>Tecam Electric v. Local Union 701, IBEW</u>, the plaintiff employer filed a series of grievances claiming that the defendant had breached a CBA. 2001 WL 1338985 at *6 (N.D. Ill. 2001). There, the plaintiff filed a lawsuit for breach of the CBA, but did not assert a claim to vacate the arbitration procedure, nor include any facts that would support vacating the arbitration decision. <u>Id.</u> The <u>Tecam</u> court found that the amended complaint did not relate back, noting that while notice is a key concern in determining relation back of claims under Federal Rule of Civil

Procedure 15(c), the rule does not contemplate depriving defendants of their statute of limitations defense.  Id. at *5 (citing Fuller v. Marx, 724 F.2d 717, 720-21 (8th Cir. 1984)). Similarly, in Pennsylvania Engineering Corp. v.  Islip Recovery Agency, the court found a challenge to an arbitration decision was time barred where the plaintiff attempted to relitigate the issues presented at the arbitration and later attempted to raise a claim challenging the arbitration procedure itself.  714 F.Supp. 634, 638 (E.D.N.Y 1989).   Finally, in Holmes v. Greyhound, the court found no relation back where a union member challenged an arbitration procedure and then later amended his complaint to allege that union officials had wrongfully discharged him and failed to provide adequate representation at the arbitration procedure. 757 F.2d 1563, 1566 (5th Cir. 1985).  Similarly in this case, the lack of common operative facts prohibit the relation back of the amended complaint.

Based on Wolf's failure to state its claim to vacate the decision of the IRC within the statute of limitations and since said claim does not arise out of the same conduct, transaction or occurrence set out in the initial complaint, I GRANT the Union's Motion to Dismiss Plaintiff's First Amended Complaint

**IT IS SO ORDERED.**

Date:  October 6, 2008  s/John Feikens
United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on October 6, 2008, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager