UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WOLF MECHANICAL, INC.,
a Michigan corporation,

    Plaintiff,

                                                                                       Civil No. 07-14199
                                                                                     Hon. John Feikens

    v.

PLUMBERS LOCAL NO. 98, DETROIT
MICHIGAN OF THE UNITED ASSOCIATION
OF JOURNEYMEN AND APPRENTICES OF THE
PLUMBING AND PIPEFITTING INDUSTRY OF
THE UNITED STATES AND CANADA, AFL-CIO,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

      Plaintiff Wolf Mechanical, Inc. ("Wolf") filed this action against Defendant Plumbers Local 98 ("the Union"), alleging claims for breach of contract, fraud in the inducement of a contract, and indemnification. Wolf filed an amended complaint in June 2008 adding a claim to vacate the grievance proceeding. The Union has since filed a Motion to Dismiss Plaintiff's First Amended Complaint. For the reasons set forth below, I GRANT the Union's Motion to Dismiss Plaintiff's First Amended Complaint.

**FACTUAL BACKGROUND**

      Wolf is a Michigan corporation that provides plumbing, pipefitting, and construction services. In December 2000, Wolf entered into a collective bargaining agreement ("CBA") with

the Union. Under the CBA, Wolf agreed to make contributions to the Union's Defined Benefits Pension Fund ("pension fund") and the Union agreed to keep the pension fund "fully funded."

On May 31, 2006, Wolf withdrew from the fund and was assessed withdrawal liability in an amount exceeding $500,000. Wolf alleges that this penalty was a direct result of the Union's failure to keep the pension fund fully funded as required under the CBA.

The CBA also contains a binding grievance and arbitration procedure. Wolf followed the procedure by filing a grievance against the Union for not keeping the fund fully funded. Wolf's grievance was referred to the Industrial Relations Committee ("IRC"), a tribunal established under the CBA to hear and resolve disputes.

The IRC held a hearing on Wolf's grievance on September 26, 2007. Wolf did not wait for the IRC's decision, however, choosing instead to file this suit on October 2, 2007, bringing claims against the Union for breach of contract, fraudulent inducement and indemnification. The IRC denied Wolf's grievance on October 22, 2007, three weeks after Wolf filed its original complaint in this Court.

On May 22, 2008, this Court held a hearing on Wolf's Motion for Partial Summary Judgment and Union's Counter Motion for Partial Summary Judgment. Union argued that it was entitled to partial summary judgment because the grievance and arbitration procedure was binding. Wolf argued that the arbitration procedure was not binding because the Union failed to follow the procedures set forth in the CBA, denying Wolf an adequate opportunity to effectively vindicate its rights through the arbitration agreement. However, Wolf's initial complaint did not mention a problem with the grievance procedure; therefore, I denied summary judgment and ordered time for Wolf to amend its complaint.

Wolf filed its Amended Complaint on June 19, 2008, eight months after filing its initial complaint and seven months after the IRC ruled on Wolf's grievance. The Union has moved to dismiss the amended complaint, arguing that the new claim to vacate the IRC's decision does not relate back to the initial complaint and is therefore barred by the statute of limitations. Wolf argues that the amended complaint should relate back because the Union had notice that it might have to defend against this type of claim. Additionally, the Union requested that the three claims included in the initial complaint be dismissed, and renewed its arguments from its prior Motion to Dismiss.

**ANALYSIS**

**Motion to Dismiss Standard**

A party is entitled to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss may be granted under Federal Rule of Civil Procedure 12(b)(6), "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L. Ed. 2d. 59 (1984). In reviewing the motion, courts "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001).

**Count One: Vacate Purported Grievance Procedure and Denial of Grievance**

At issue in this case is whether the added claim to vacate the grievance proceeding in Wolf's amended complaint is barred because it was filed outside the statute of limitations period.

The applicable limitations period for a cause of action to vacate a grievance decision of the IRC is three months. Occidental Chemical Corp. v. Int'l Chemical Workers Union, 853 F.2d 1310 (6th Cir. 1988). Wolf filed its amended complaint more than seven months after the IRC issued its decision. Therefore, Wolf's claim is time barred unless new claim relates back to the date of filing of the original complaint under Federal Rule of Civil Procedure 15(c).

In order for a claim to relate back, it must arise out of the same conduct, transaction, or occurrence as set out, or attempted to be set out in the initial complaint. Fed. R. Civ. P. 15(c)(1)(B).

> The rule is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction or occurrence as set forth in the original pleading.

Brown v. Shaner, 172 F.3d 927, 932 (6th Cir. 1999). Therefore, Wolf's claim to vacate the arbitration relates back only if it arises out of the same conduct, transaction, or occurrence alleged in its initial complaint for breach of contract, fraudulent inducement, and indemnification.

"The main inquiry under Federal Rule of Civil Procedure 15(c) is whether adequate notice has been given to the opposing party 'by the general fact situation alleged in the original pleading.' An amendment will not relate back when it sets forth a new set of operational facts; it can only make more specific what has already been alleged." Heaning v. Nynex, 945 F.Supp. 640, 647-648 (S.D.N.Y. 1996) (citing Pruisse v. Bosse, 912 F.Supp. 104, 106 (S.D.N.Y. 1996)). District courts should analyze the original and amended complaints to determine if they contain a common core of operative facts that would give fair notice of the transaction, conduct or

4

occurrence that is being raised in the amended complaint. <u>Watkin & Son v. Iams</u>, 107 F.Supp.2d 883, 897 (S.D. Ohio 1999) (<u>citing</u> <u>FDIC v. Jackson</u>, 133 F.3d 694, 702 (9th Cir. 1998)). Specifically, the court should consider whether the amended complaint and original complaint will be based on the same evidence. <u>Watkin</u>, 107 F.Supp.2d at 897 (<u>citing</u> <u>Percy v. San Fransisco Gen. Hosp.</u>, 841 F.2d 975, 978 (9th Cir. 1988)).

The evidence required to prove the claims in Wolf's initial complaint is substantially different than that needed to prove those in its amended complaint. To challenge the validity of the arbitration award, Wolf must provide evidence of specific defects in the arbitration procedure. However, to succeed on the claims in the original complaint—breach of contract, fraudulent inducement, and indemnification—Wolf must provide evidence surrounding the initial contract formation and the Union's management of the pension plan. When faced with a similar situation, the court in <u>Heaning v. New York</u> found that the details of a grievance procedure and the details of the underlying grievance were not part of the same transaction or occurrence, thus barring relation back of the amendment. 945 F.Supp. 640, 648 (S.D.N.Y. 1996). In reaching this conclusion, the <u>Heaning</u> court focused on the substantial difference in time between the initial violation and the defects in the grievance procedure. <u>Id.</u>

The same analysis should apply here. Wolf's initial complaint arose from conduct occurring in May 2006 while the amended complaint relies on alleged defects in a procedure that took place beginning nearly a year later. Wolf's original complaint focused on the actions surrounding formation of the initial contract and the Union's alleged failure to properly fund the pension plan. The amended complaint sets forth allegations that are entirely different in time and scope. The amended complaint focuses on actions surrounding the grievance procedure

5

which occurred in September 2007, more than a year after the initial formation of the contract. Since the evidence needed to succeed on Wolf's amended complaint is substantially different from that needed to succeed on its original complaint, the claims in the amended complaint do not relate back and are time barred.

While no Sixth Circuit court has faced these facts, numerous courts outside the Sixth Circuit have faced similar factual scenarios. These courts have ruled that claims alleging defects in arbitration procedures do not share a common set of operative facts with claims dealing with the underlying issue decided by the arbitration panel and therefore do not relate back. For instance, in Tecam Electric v. Local Union 701, IBEW, the plaintiff employer filed a series of grievances claiming that the defendant had breached a CBA. 2001 WL 1338985 at *6 (N.D. Ill. 2001). There, the plaintiff filed a lawsuit for breach of the CBA, but did not assert a claim to vacate the arbitration procedure, nor include any facts that would support vacating the arbitration decision. Id. The Tecam court found that the amended complaint did not relate back, noting that while notice is a key concern in determining relation back of claims under Federal Rule of Civil Procedure 15(c), the rule does not contemplate depriving defendants of their statute of limitations defense. Id. at *5 (citing Fuller v. Marx, 724 F.2d 717, 720-21 (8th Cir. 1984)). Similarly, in Pennsylvania Engineering Corp. v. Islip Recovery Agency, the court found a challenge to an arbitration decision was time barred where the plaintiff attempted to relitigate the issues presented at the arbitration and later attempted to raise a claim challenging the arbitration procedure itself. 714 F.Supp. 634, 638 (E.D.N.Y 1989). Finally, in Holmes v. Greyhound, the court found no relation back where a union member challenged an arbitration procedure and then later amended his complaint to allege that union officials had wrongfully discharged him and

6

failed to provide adequate representation at the arbitration procedure. 757 F.2d 1563, 1566 (5th Cir. 1985). Similarly in this case, the lack of common operative facts prohibit the relation back of the amended complaint.

Based on Wolf's failure to state its claim to vacate the decision of the IRC within the statute of limitations and since said claim does not arise out of the same conduct, transaction or occurrence set out in the initial complaint, Wolf's claim to vacate the purported grievance procedure and denial of grievance should be dismissed.

**Count Two: Breach of Contract**

Wolf argues that the Union breached the contract by failing to keep its pension fund fully funded. Union states that Wolf's claim is subject to and has already been decided by a final and binding grievance and arbitration procedure.

In general, courts are not to decide contract disputes involving collective bargaining agreements which are subject to final and binding grievance procedure. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 566, 80 S.Ct. 1343, 4 L. Ed. 2d 1403 (1960) (citing Labor and Management Relations Act Section 203(d), 29 U.S.C. § 173(d), "Final adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement")). Courts should not review the merits of an arbitration award– the question of interpretation of the collective bargaining agreement is a question for the arbiter. Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 595 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960). Allowing courts to review the merits of arbitration award would undermine the federal policy of settling labor disputes by arbitration. Id.

Wolf argues that the arbitration procedure did not properly allow it to vindicate its rights. However, this amounts to an effort to challenge the underlying arbitration procedure and not the actual breach of contract. Since the court must defer the arbiter's interpretation of the contract rather than substituting its own judgment on the merits, Wolf's claim for breach of contract should be dismissed.

**Claims 3 and 4: Fraud in the Inducement of a Contract and Indemnification**

Union argues that Wolf's claims are governed by the LMRA §301, and therefore must be dismissed because they are subject to the binding grievance and arbitration procedure in the collective bargaining agreement. It is unclear whether Wolf is alleging claims under LMRA §301 or under state law. Therefore, both must be addressed.

In its complaint, Wolf states that the court has federal question jurisdiction under 28 U.S.C. §1331 over their claims, stating that the action was based on Section 301 of the LMRA, 29 U.S.C. § 185. Based on this assertion of jurisdiction, Wolf likely was attempting to state all its claims under LMRA § 301.

Union argues that the claims for fraudulent inducement of a contract and indemnification are substantially dependent on and inextricably intertwined with the interpretation of the CBA because the success of these claims depends on how the arbitration board interprets the obligation to keep the pension fund fully funded. Notably, Wolf does not dispute these claims– it merely alleges that it was unable to vindicate its rights because the grievance procedure was unfair and that it was not followed by the Union. However, these arguments are not relevant to the claims for fraudulent inducement and indemnification. The key to determining the validity of these claims is the interpretation of the term "fully funded" with regard to the pension fund

and whether or not the Union breached that responsibility. Therefore, because the resolution of these claims is substantially dependent upon the interpretation of the collective bargaining agreement, the Court must defer to the arbiter's interpretation of the contract. Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 595, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960).

If we view these claims under state law, they also must be dismissed. The United States Supreme Court has found that any state law claim founded on rights created in a collective bargaining agreement is pre-empted by § 301. Teamsters v. Lucas Flour Co., 369 U.S. 95, 102-103 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1962). Any claim whose resolution is substantially dependent upon or inextricably intertwined with the interpretation of the terms of a CBA is also pre-empted by § 301. Allis-Chambers Corp. v. Lueck, 471 U.S. 202, 220, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985). As stated above, the success of the fraudulent inducement and indemnification claims is entirely dependent upon the interpretation of the Union's obligation to keep the pension fund fully funded under the CBA. Therefore, any claims Wolf attempted to make based on state law must be dismissed as pre-empted under LMRA § 301.

Additionally, the Union argues that Wolf's claims are pre-empted by the Garmon doctrine, ERISA, the MPPAA and public policy. Because I find that these claims must be dismissed under LMRA § 301, I need not reach these arguments.

**CONCLUSION**

Based on the reasoning above, I hereby GRANT Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

Date:     November 10, 2008            s/John Feikens
                                       United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on November 10, 2008, by U.S. first class mail or electronic means.
>
>                           s/Carol Cohron
>                           Case Manager